

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-88,579-02

### EX PARTE JOEL MAGAÑA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2009CRN000331D1 IN THE 49TH DISTRICT COURT
### FROM WEBB COUNTY

*Per curiam.*

### **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of murder and sentenced to seventy-five years imprisonment and two counts of robbery and sentenced to ten years' imprisonment in each count. The Fourth Court of Appeals reversed his conviction in one of the robbery counts and reformed the judgment to delete his conviction and punishment in that count. The intermediate court affirmed the judgment as reformed. *Magaña v. State*, No. 04-10-00120-CR (Tex. App.—San Antonio August 10, 2011) (not designated for publication).

Applicant contends, among other things, that counsel erred by failing to file a petition for

discretionary review on Applicant's behalf. Applicant alleges that counsel assured Applicant that counsel would file the petition for discretionary review which caused Applicant to believe in good faith that a timely appeal would be filed. According to Applicant, counsel did not file a petition of discretionary review causing Applicant to lose the ability to file a petition for discretionary review himself or hire additional counsel to do so.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel assured Applicant, or led Applicant to believe, that counsel would file a petition for discretionary review on Applicant's behalf. If not, the trial court shall determine whether appellate counsel failed to timely advise Applicant of his right to file a *pro se* PDR within the time limitations as set forth in TRAP 48.4. The trial court shall also make findings as to whether Applicant's claims

are barred by the equitable doctrine of laches.[1]  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 12, 2018
Do not publish

---

[1] Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith*, 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").